THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
JOSEPH DeVITO AND ANTHONY TOMMASONE, PLAIN-
TIFFS IN ERROR.

Submitted October 1, 1946—Decided April 16, 1947.

Before CASE, CHIEF JUSTICE, and Justices HEHER and
COLIE.

For the state, *Duane E. Minard, Jr.,* Prosecutor, and *C.
William Caruso,* Legal Assistant Prosecutor.

For the plaintiffs in error, *Harold Simandl.*

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Joseph DeVito and Anthony Tom-
masone were convicted in the Essex County Court of Quarter
Sessions on an indictment for rape. They bring the case up
under a certification of the entire record and set out 79 as-
signments of error and 87 specifications of causes for reversal,
and 89 assignments of error and 97 specifications of causes
for reversal, respectively. Many of those matters are argued.
They are assembled under 13 points, only one of which, how-
ever, carries a caption. It seems unnecessary to discuss
separately each alleged error.

The great preponderance of the argument is upon the
proposition that the verdict is contrary to the weight of the
evidence. The victim of the attack, a high school student,
was savagely assaulted and raped. As she was returning
alone from a social engagement about half past twelve at

night and was about to enter her home an automobile approached, on the wrong side of the street. A man jumped out, seized her, placed a hand over her mouth, and thrust her within the car. The car was driven off. The young woman was kept a prisoner therein for about two hours. During that time she was stripped of all of her clothing and ravaged by the three male occupants of the car. Finally, she was released at the spot where the car had been standing during most of the attacks upon her and was threatened with death if she made an outcry before the car got away. As the car moved off she distinguished one of the digits of the license number. While she was in the car the ceiling light had been momentarily turned on by one of the men for the purpose of inspecting the contents of the purse which had been taken from her, and this caused her to see that the shade to the light was broken. She made note also of the radio, which was operating. While she was being subjected to physical attack on the floor of the car her shoe caught in a hole in the carpet and she felt an unusual bump in the floor. Later these characteristics aided in enabling her to make thorough identification of the car.

The young woman found herself standing in front of the premises No. 309 Ridgewood Avenue, Newark, New Jersey. She went to a nearby candy store, made known her distress and the police were notified. The condition of her body and of her clothing—what was left of it—left no doubt about the truthfulness of her story of an attack. The police immediately went to the house at 309 Ridgewood Avenue and learned that it was occupied by one DeVito who had a son living at 165 Bergen Avenue. At the last named address, they found the present defendant, Joseph DeVito, and apprehended him and his automobile. He was identified by the victim of the assault. His occupation was driving a coal truck to the Pennsylvania coal fields. The police caused microscopic examinations to be made of his suit and of the young woman's clothing, and similar particles of coal and coal dust were found in each. The floor mat of the car likewise was found to contain particles of coal, coal dust and hair. The apprehension and

identification of Tommasone followed, and particles of coal were found also in the pockets and on the cuffs of his coat.

The defense turned, not upon whether there had been an assault, but upon the identity of the assailants. The identification, while not established as indubitably as was the act of rape, was clearly, we think, under the evidence, a question for the jury. The point is not well made.

Among the alleged errors set up in the brief is the charge that DeVito was prejudiced by the method of bringing out the fact of earlier convictions. It is in the record by DeVito's own admission that on April 13th, 1930, he was convicted of the crime of grand larceny of an automobile, in which offense Williams (the third assailant in the present case and a co-defendant in the trial below who does not appeal his conviction) was a participant; that on September 30th, 1930, he was convicted of assault and battery; that on December 30th, 1930, he was convicted on two charges of burglary; that on January 6th, 1931, he was convicted of adultery; and that on November 13th, 1942, he was convicted of armed robbery and sentenced to Caldwell Penitentiary where, at the time of the trial now under review, he was incarcerated for a violation of probation. We conclude that, in the face of such an array of admitted convictions, the minor incidents of which the defendant complains were not prejudicial.

We have examined all of the grounds argued in the brief of the plaintiffs in error and fail to find prejudicial error in any of them.

The judgment below will be affirmed.